## James Burr *vs.* Henry T. Wilcox.

Although taxes as originally assessed to the occupant of real estate are not invalid by reason of any error or irregularity in the assessment, so as to authorize a re-assessment under Gen. Sts. *c.* 11, § 53, yet if such re-assessment is made, in compliance with the request of another person interested in the real estate, apportioning the tax according to the respective interests of the parties, that person cannot afterwards object to the new assessment upon the ground merely of a want of authority in the assessors to make it.

If taxes upon real estate have been assessed to the occupant thereof, and, by the request of one of the persons interested therein, the collector gets the assessors to apportion the same, so that he may know how much thereof belongs to his portion of the real estate, this will furnish a good consideration for an express promise by him to pay his proportion of the taxes to the collector; and such promise is not within the statute of frauds; and the collector may maintain an action thereon in his own name.

CONTRACT brought by the collector of taxes of Freetown, to recover the amount of certain state, county and town taxes assessed upon a mill and mill privilege in that town, in 1862 and 1863.

At the trial in the superior court, before *Rockwell*, J., " it appeared that the defendant, living in New Bedford, had a title to said property, either absolute or conditional, from the former owner, Samuel R. Brown, of said Freetown, who still remained in possession, either as mortgagor or under the defendant, and this estate was taxed to said Brown, with his other property, in both of said years ; and the same were duly committed to the plaintiff, as collector, on or about the 20th day of August in each year.   On or about the first of September 1863, the defendant took possession of said mill and mill privilege, and shortly afterwards the plaintiff called upon him for the amount of the taxes against Brown ; and the defendant then told him that he did not have all the property which was then taxed to Brown, but that, if the plaintiff would get the assessors of Freetown to apportion the same to the property which he had of Brown, he would pay the plaintiff the amount which belonged to him ; and thereupon the plaintiff procured the assessors of Freetown (acting under a special vote of the town) to examine said assessment against Brown, and to divide and apportion said taxes to the property still retained by Brown, and that held by the defendant.

" The assessors did so examine and set to each party under their hands the proper amount due from each, and delivered the same to the plaintiff to collect; and the plaintiff, in March 1864, exhibited the same to the defendant, who expressed himself satisfied with the amount, which is the amount claimed in this suit, and promised the plaintiff to pay him the same if he would call upon him again in a few days.   The plaintiff called upon him again at that time, and received substantially the same answer.

" This was repeated several times, but, the defendant still neglecting to pay, the plaintiff served a regular notice or demand upon him in the summer of 1865, that, unless said taxes were

paid in fourteen days, his duty would be to compel payment by process of law; and thereupon the defendant wrote the plaintiff the following note:

" ' New Bedford, July 3d, 1865. Capt. Burr — I don't want you to make any more expense on them taxes. I will attend to them this week. Yours truly, Henry T. Wilcox.'

" The plaintiff relying upon those promises forbore to enforce the collection of the taxes by a sale of said real estate, and the same was discharged from the lien about the 20th of August of that year.

" This suit was commenced August 22d 1865. The defendant, admitting for the purpose of the trial that these facts were true, contended that the action could not be maintained, and the judge so ruled, and directed a verdict for the defendant; but reported the case for the consideration of this court, the parties agreeing that if the action can be maintained, the verdict may be set aside, and the case stand for trial."

*E. H. Bennett,* for the plaintiff.

*C. I. Reed,* ( *O. Prescott* with him,) for the defendant. The tax was properly assessed to Brown. He was tenant in possession. The only remedy is by proceeding against Brown, or by levy and sale of the land. Gen. Sts. *c.* 12, §§ 19, 22. The assessors had no right to re-assess it, and did not undertake to do so. They merely made a certificate under their hands, as to the portion which should belong to the defendant to pay. The plaintiff cannot maintain an action on the special promise alleged. Any promise which was made was made to the plaintiff as agent of the town; and the town alone can sue thereon. *Pigott* v. *Thompson,* 3 B. & P. 147. *Irish* v. *Webster,* 5 Greenl. 171. *Garland* v. *Reynolds,* 20 Maine, 45. A public officer cannot maintain an action on a promise made to him in his official capacity. Any verbal promise made to the plaintiff in his individual capacity was without consideration, and was void by the statute of frauds.

WELLS, J. The report does not show that the taxes, as originally assessed to Brown, were " invalid by reason of any error or irregularity in the assessment," so as to authorize a re-assessment

under Gen. Sts. *c.* 11, § 53. By § 8 of that chapter it would seem that they were properly assessed to Brown as occupant, and constituted a lien upon the real estate so taxed. After the defendant took possession, upon his promise to pay such portion of the taxes assessed to Brown as properly belonged to the real estate which he claimed, if the collector would procure the assessors to make the apportionment, it appears that the assessors did make a re-assessment, apportioning the taxes, and setting to the defendant such portion as was laid upon the real estate which he then held. Upon this modification of the assessors' lists, which are committed with their warrant to the collector, (§ 38,) both counts of the declaration are based.

More than a year having elapsed after these taxes were committed to the collector, he was entitled, under Gen. Sts. *c.* 12, § 19, to bring an action in his own name for the amount of the taxes, if they had been properly assessed to the defendant.

The court are of opinion that if the assessors made the change in their lists by the defendant's request, apportioning the taxes previously set to Brown, and setting to Brown only what was laid upon his other property, and to the defendant what was laid upon real estate which he claimed and held, the defendant cannot now object to the new assessment on the ground merely of a want of authority in the assessors, under the statute, to make such alteration or re-assessment. The parties having acted in reliance upon his declarations, and having thereby changed their situation, apparently discharging Brown from all liability for so much of the taxes as are now claimed of the defendant, it is contrary to good faith that he should be allowed to allege the invalidity of that which he himself has authorized to be done.

But assuming that the defendant did not authorize a change in the tax lists, but merely requested that the amount, laid upon real estate that he then held, should be ascertained, which may appear to be the fact upon another trial, and is, perhaps, the fair interpretation of this report, we think the plaintiff may still recover upon the ground of an express promise to pay the amount when ascertained. Compliance with the defendant's request, or

condition, that the plaintiff " would get the assessors of Freetown to apportion" the tax, was a good consideration for such a promise. So would be forbearance at his request, especially if thereby the land became discharged of the lien. Any act done at the defendant's request and for his convenience, or to the inconvenience of the plaintiff, would be sufficient. *Train* v. *Gold*, 5 Pick. 380. *Amherst Academy* v. *Cowls*, 6 Pick. 427. *Hubbard* v. *Coolidge*, 1 Met. 84. Upon the statements of the report, the existence of a sufficient consideration for the promise appears very obvious. Whether the declaration properly sets forth the consideration, does not seem to have been made a question at the trial.

Such a promise is not within the statute of frauds. It does not appear whether, as between Brown and the defendant, it belonged to Brown or the defendant to pay these taxes; but they were a lien upon the real estate which the defendant held. The promise is, not to be responsible for their payment as Brown's debt, but as the defendant's own debt. His agreement is entirely irrespective of any liability of Brown; and although payment by the defendant would operate to discharge Brown's liability for the claim as a tax assessed to him, yet that would be the incidental result, and not the leading object or purpose of the defendant's promise. It seems to us, therefore, clearly to come within the class of those which are held to be original promises. *Nelson* v. *Boynton*, 3 Met. 396. *Curtis* v. *Brown*, 5 Cush. 488. *Alger* v. *Scoville*, 1 Gray, 391. Browne on St. of Frauds, § 212. *Fish* v. *Thomas*, 5 Gray, 45. This last case is very closely in point.

The objection that the action upon such a promise should be in the name of the town, and not of the collector, cannot be maintained. It does not enure to the benefit of the town solely. The collector, by forbearance, becomes responsible personally for the tax, as if collected. The promise is in terms to him. It is one promise for the whole amount of state, county and town taxes; and he has no principal whose interest is such as to be entitled to enforce the promise in its entirety.

But, upon general grounds, undoubtedly an agent may sue

upon a promise thus made in terms to himself. *Colburn* v *Phillips*, 13 Gray, 64.

These conclusions make it unnecessary to consider whether the defendant's letter is a sufficient writing to answer all the requirements of the statute of frauds. The verdict must be set aside, and, according to the agreement of the parties, the case is to stand for trial.